REILLY v. PARKER.

(Superior Court of New York City, General Term. January 7, 1895.)

INJURY TO SERVANT—INTERFERENCE BY THIRD PERSON.
  Plaintiff, while in defendant's employ, was injured by the falling of a "runway" over which he carried building material into a cellar. Immediately before the accident, a heavy timber was carried over the "runway" by two men not controlled by, or in any way connected with, defendant, and without permission from him. Plaintiff was following them closely on the "runway," and the unusual weight caused it to fall. *Held*, that defendant was not liable.

Appeal from jury term.

Action by George Reilly against Charles A. Parker to recover damages for personal injuries. The complaint was dismissed, and plaintiff appeals. Affirmed.

Argued before FREEDMAN and McADAM, JJ.

George H. Fearons and Arthur S. Luria (Raphael J. Moses, of counsel), for appellant.

Wilson & Wallis (Hamilton Wallis, of counsel), for respondent.

FREEDMAN, J. This action was brought to recover damages for personal injuries sustained by the plaintiff through the alleged negligence of the defendant. The plaintiff, while in the employ of the defendant as a hod carrier, was injured by falling from a so-called "runway" over which he carried building material into the cellar of a building in process of erection. The runway consisted of a wooden horse, and several planks supported by it, and it was a contrivance which had to be shifted with the progress of the work. There was no defect in the horse or the planks furnished by the defendant for

the purpose. The placing of them and the shifting of them were regulated by fellow servants of the plaintiff, and, if it was negligence not to place a piece of board under the legs of the horse to prevent it from sinking into the ground, it was, under the circumstances of this case, the negligence of plaintiff's fellow servants, for which the defendant, in the absence of personal participation,—of which there is no claim,—is not liable. So, if there was a defect for the reason stated, it was a patent one, and the plaintiff took the risk. Moreover, the evidence shows that the runway, as constructed, was probably adequate for the purpose for which it was constructed, and that plaintiff's fall from it was caused by its unauthorized and unexpected use by third parties for a business for which it was not intended. Two employés of a framer, in no wise connected with and in no wise under the control of the defendant, and without the knowledge of or permission from the defendant, undertook to carry a heavy timber across it, and the plaintiff closely followed them. The extraordinary weight to which the runway was thus subjected caused the legs of one part of the horse to sink into the ground, and the horse to tilt, and in consequence thereof the plaintiff fell. But even that fall would not have materially injured him, if the beam had not been there, for the framers, to save themselves, threw the beam off their shoulders, and it was the beam which fell upon the plaintiff, and broke his ribs and otherwise injured him. For this intervention of a third and independent cause the defendant is not liable. Under all the circumstances, the complaint was properly dismissed. The judgment should be affirmed, with costs.